# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

In re:                                                          Hon. Jo Ann C. Stevenson
                                                                Chapter 7 Case No. SM 04-90179
JUNE A. EAKIN,

        Debtor.

_____/

JUNE A. EAKIN,

        Appellant,

v.                                                              File No.  2:04-CV-281

                                                                HON. ROBERT HOLMES BELL
DARRELL R. DETTMANN,

        Appellee.

_____/

## O P I N I O N

The matter before the Court is Appellant June Eakin's ("Appellant") appeal from the October 7, 2004, order of the Bankruptcy Court that avoided, for the benefit of the bankruptcy estate, Appellant's post-petition transfer of certain real property and sustained the Trustee's objection to the exemptions.  For the reasons stated below, the order of the Bankruptcy Court is affirmed.

## I.

On March 4, 2004, Appellant filed for bankruptcy under Chapter 7.  In addition, Appellant filed to exempt her homestead by claiming exemptions under 11 U.S.C. § 522(d)(1) and under 11 U.S.C. § 522(d)(5).  Appellant's homestead was Lot 3 and 4 of Block

6 in the Plat of the Village of Perkinsville in Portage Township, Houghton County, Michigan ("Lot 3 and 4"). Appellant and her non-filing spouse held the property as tenants by the entireties. On April 30, 2004, the Trustee filed an objection to Appellant's exemption under 11 U.S.C. § 522(d)(5).

On May 4, 2004, Appellant and her non-filing spouse, George Eakin, executed a quitclaim deed transferring the real property to the George Eakin and June A. Eakin Revocable Trust ("Trust"). Appellant and her non-filing spouse were co-trustees of the Trust. Then on May 25, 2004, Appellant amended her Schedule C by claiming an exemption under M.C.L.A. § 600.6023(1)(a) and M.C.L.A. § 600.6018, which permit exemption of tenants by the entirety property from execution by creditors of a single tenant. Finally, on June 24, 2004, the Trustee again objected to Appellant's exemption, which the Bankruptcy Court sustained. Consequently, Appellant filed an appeal with this Court.

## II.

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) which permits district courts of the United States to hear appeals from the bankruptcy courts of final judgments, orders and decrees. The Court examines the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law *de novo*. *In re Eagle-Picher Industries, Inc*., 285 F.3d 522 (6th Cir. 2002).

Under 11 U.S.C. § 541(a)(1), when a debtor files a Chapter 7 bankruptcy, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the estate. Real property is included in the estate. The debtor, however, may

exempt property under 11 U.S.C. § 522.   In order to transfer property after filing a bankruptcy petition, a debtor must gain approval from the bankruptcy court.  11 U.S.C.§ 549 (a)(2)(B).  Under 11 U.S.C. § 549(a), the Trustee "may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized under this title or by the court."

Here, the Bankruptcy Court properly held that Appellant's post-petition transfer of Lot 3 and 4 is avoidable.  Appellant filed to exempt Lot 3 and 4 when she filed for Chapter 7 bankruptcy.  When the Trustee objected to the exemption, Appellant and her non-filing spouse proceeded to transfer the real property to the Trust.  The transfer of the real property was not authorized under 11 U.S.C. § 549 or by the bankruptcy court.  Thus, the transfer was properly avoided.

Moreover, the Appellant severed the entireties estate when she voluntarily transferred the entireties property to the Trust.  "When a transfer of entireties property occurs by the voluntary act by a debtor and the non-debtor spouse, the debtor will be deemed to have made a conscious decision not to claim the property as exempt." *In re Wickstrom*, 113 B.R. 339, 351 (Bankr. W.D. Mich. 1990).  In *Wickstrom*, the debtor transferred the marital home, a recreational camp, and debtor's worker's compensation claim prior to filing a Chapter 7 bankruptcy.  *Id*. at 341-42.  The marital home and the recreational camp were held as tenants by the entireties.  *Id*. at 343.  After the Trustee objected, the court in *Wickstrom* ruled the debtor had voluntarily transferred the entireties property, thus the property was no longer exempt.  *Id*. at 351-52. As a result, the Debtor's interest in the property became a tenant in

3

common and consequently part of the bankruptcy estate because the property was not

exempt.  *Id*. at 349; *In re Ignasiak*, 22 B.R. 828, 830 (Bankr. W.D. Mich. 1982).

Here, as in *Wickstrom*, the Appellant, in agreement with her non-filing husband,

voluntarily transferred the exemptible  property they held as tenants by the entireties.  The

only difference between this case and *Wickstrom* is the time of the transfer.  Whereas

*Wickstrom* was a pre-petition transfer, the Appellant transferred her land post-petition.  *In*

*re Wickstrom*, 113 B.R. at 341-42.  The difference between the time of transfer does not

prevent the *Wickstrom* ruling from being applied here because each debtor, along with their

non-debtor spouse, made a conscious decision to voluntarily transfer the property, destroying

the entireties nature of the property.  Thus, the Bankruptcy Court properly held the transfer

of Appellant's real property is avoidable.

Finally, Appellant incorrectly argues that the property should remain held as tenants

by the entireties.  Appellant reasons that because the bankruptcy estate retains all property

interest at the commencement of the Debtor's Chapter 7 bankruptcy, the debtor could not

convey the interest by a quitclaim deed.  (Docket #4, Pages 3-4).  Appellant relies on *In re*

*Spears* to argue the property should come out of the estate the same way it went in, as tenants

by the entireties. 313 B.R. 212 (W.D. Mich. 2004); (Docket #4, Pages 3-4).

Appellant's argument, however, is flawed.  First, Appellant's transfer of the real

property has real legal ramifications.  "The Defendant's argument is based upon hypothetical

facts that do not exist.  Conveyances of real property have legal ramifications.  The Court

therefore must analyze the law in accordance with what happened rather than what might have happened." *In re Wickstrom*, 113 B.R. at 346.  In this case, the Appellant did transfer the property to a third person.  As a result, the Trustee could avoid the transfer.  Second, Appellant's argument is flawed because both she and her non-filing husband transferred their interest to the property by quitclaim deed.  The Appellant could not transfer the entireties property to a third person without her non-filing husband also transferring his interest, which was not subject to the bankruptcy estate.  *Rogers v. Rogers*, 136 Mich. App. 125, 134 (Mich. Ct. App. 1984).  When Appellant's husband did transfer his interest, along with Appellant, it destroyed the entireties nature of the property.  As previously stated, when the debtor and non-filing spouse voluntarily transfer entireties property, "the debtor will be deemed to have made a conscious decision not to claim the property as exempt." *In re Wickstrom*, 113 B.R. at 351.  Because the couple voluntarily transferred the property, it was no longer exempt and the Trustee could avoid the transfer.

Accordingly, the October 7, 2004, order of the Bankruptcy Court avoiding Appellant's post-petition transfer and sustaining the Trustee's objection to Appellant's exemptions is affirmed.  An order consistent with this opinion shall be entered.

Date:   August 17, 2005            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE